# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | |
|---|---|
| DANIEL TESTERMAN,<br>Petitioner,<br><br>vs.<br><br>WARDEN, ROSS CORRECTIONAL<br>INSTITUTION,<br>Respondent. | Civil Action No. 1:09-cv-121<br><br>Spiegel, J.<br>Hogan, M.J.<br><br>**REPORT AND**<br>**RECOMMENDATION** |

Petitioner, a state prisoner, brings this case through counsel seeking a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. This matter is before the Court on the petition (Doc. 2), respondent's motion to dismiss (Doc. 5), petitioner's response in opposition to the motion to dismiss (Doc. 6), and respondent's reply memorandum. (Doc. 7).

## I. PROCEDURAL HISTORY

### State Court Trial Proceedings

On November 20, 2000, petitioner, with counsel, waived his right to a jury and entered a plea of guilty to two counts of breaking and entering, one count of felonious assault, and three counts of assault. (Doc. 5, Exhs. 2, 3, 4). On January 9, 2001, petitioner was sentenced to a total of 13 years and two months imprisonment. (Doc. 5, Exhs. 5, 6). Ten days later petitioner filed a motion to withdraw his guilty plea which was denied by the trial court on February 6, 2001. (Doc. 5, Exhs. 7, 8).

### Direct Appeal

Petitioner filed a timely appeal to the First District Court of Appeals, Hamilton County, Ohio and argued that the trial court erred in overruling his motion to withdraw his guilty plea.

(Doc. 5, Exhs. 9, 10). The Ohio Court of Appeals affirmed the judgment of the trial court on August 17, 2001, and petitioner did not appeal to the Ohio Supreme Court. (Doc. 5, Exh. 12).

## Motion for Judicial Release

Nearly six years later, petitioner, through counsel, filed a motion for judicial release in the Hamilton County Court of Common Pleas. (Doc. 5, Exh. 13). After briefing by the parties, the trial court denied the motion finding petitioner was not eligible for judicial release. (Doc. 5, Exhs. 14-16).

Petitioner, through counsel, appealed and raised a single assignment of error: "The trial court erred in ruling that defendant was not an eligible offender for the purposes of filing for judicial release." (Doc. 5, Exhs. 17, 18). The appeal was denied by the First District Court of Appeals as non-appealable. (Doc. 5, Exh. 20).

On October 14, 2008, petitioner, through counsel, filed a timely appeal to the Ohio Supreme Court raising the following propositions of law:

> 1. It is a misinterpretation of the code to interpret the provisions of R.C. § 2505.02(B)(4) to require an element not contained in §(B)(4), but found only in §(B)(2). This misinterpretation is contrary to the legislative intent underlying R.C. §2505.02(B) and prevents the development of a uniform body of case law regarding motions determining provisional remedies.
>
> 2. A defendant who was not advised at sentencing that he would be ineligible for judicial release, and who had previously been offered a plea under which he would have been eligible, should be treated as an eligible offender under R.C. §2929.20(B).

(Doc. 5, Exhs. 21, 22). On February 4, 2009, the Ohio Supreme Court denied jurisdiction to hear the case and dismissed the appeal as not involving any substantial constitutional question. (Doc. 5, Exh. 23).

2

### Motion for Delayed Appeal and Rule 26(B) Application

Meanwhile, on February 8, 2008, petitioner, through counsel, filed motions for delayed appeal and to appeal consecutive sentences pursuant to Ohio Rev. Code § 2952.08(C). (Doc. 5, 24). On March 12, 2008, the Ohio Court of Appeals denied leave to appeal finding that petitioner had already been afforded an appeal as of right under Appellate Case Number C-010040. (Doc. 5, Exh. 25).

Petitioner also filed a Rule 26(B) application to reopen his 2001 appeal which was denied on April 4, 2008 as untimely. (Doc. 5, Exhs. 26, 27).

### Federal Habeas Corpus

On February 19, 2009, petitioner filed a petition for a writ of habeas corpus in this Court setting forth one ground for relief:

> **GROUND ONE:** The denial of petitioner's motion for judicial release based on an unconstitutional sentence violates the Sixth Amendment right to jury trial.
>
> **Supporting Facts**: Petitioner was sentenced to consecutive sentences above the minimum terms required by Ohio law based on facts to which petitioner did not plead guilty and that were found solely by the court. Petitioner was denied eligibility for judicial release based on this unlawful sentence.

(Doc. 2).

## II. THE PETITION SHOULD BE DISMISSED.

Ground One of the petition asserts that petitioner's consecutive, non-minimum sentences violate his Sixth Amendment right to a trial by jury and the Supreme Court's decision in *Blakely v. Washington*, 542 U.S. 296 (2004). In *Blakely*, the Supreme Court reaffirmed its holding in *Apprendi v. New Jersey*, 530 U.S. 466 (2000), that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be

submitted to a jury, and proved beyond a reasonable doubt." 530 U.S. at 490. However, the

*Blakely* Court clarified:

> [T]he "statutory maximum" for *Apprendi* purposes is the maximum sentence a judge may impose *solely on the basis of the facts reflected in the jury verdict or admitted by the defendant*. . . . In other words, the relevant "statutory maximum" is not the maximum sentence a judge may impose after finding additional facts, but the maximum he may impose *without* any additional findings. When a judge inflicts punishment that the jury's verdict alone does not allow, the jury has not found all the facts "which the law makes essential to the punishment," . . . and the judge exceeds his proper authority.

542 U.S. at 303-304 (internal citations omitted) (emphasis in the original). Petitioner contends that his consecutive, non-minimum sentence was based on facts to which he did not admit under his guilty plea and found solely by the trial court in violation of the Sixth Amendment. He also contends that the unlawful sentence was the basis for the denial of his motion for judicial release.

Respondent argues that Ground One of the petition is non-cognizable in federal habeas corpus and that the petition is barred by the statute of limitations.

Because the Court agrees with respondent that the petition is barred by the statute of limitations, the Court declines to reach whether petitioner's claim is non-cognizable.

Under 28 U.S.C. § 2244(d)(1), as amended by § 101 of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. No. 104-132, 110 Stat. 1214, a person in custody pursuant to the judgment of a state court must file an application for writ of habeas corpus within one year from the latest of: (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review; (B) the date on which the impediment to filing an application created by state action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence. Under 28 U.S.C. § 2244(d)(2), the running of the limitations period is tolled during the pendency of a properly filed application for state post-conviction relief or other collateral review.

As an initial matter, the Court must first determine the appropriate limitations provision contained in 28 U.S.C. § 2244(d)(1) that applies to petitioner's first ground for relief. Respondent argues that the claim raised in Ground One of the petition arose at the time petitioner was sentenced. Since petitioner was aware of the facts underlying his claim by the close of the state trial court proceedings and before the conclusion of the direct review proceedings, respondent argues petitioner's first ground for relief is governed by the one-year statute of limitations set forth in 28 U.S.C. § 2244(d)(1)(A), which began to run when petitioner's conviction became final "by the conclusion of direct review or the expiration of the time for seeking such review." Under § 2244(d)(1)(A), petitioner's conviction became "final" on October 1, 2001, upon expiration of the 45-day period for filing an appeal with the Ohio Supreme Court from the Ohio Court of Appeals' August 17, 2001 decision. (Doc. 5, Exh. 12).[1] Therefore, the statute of limitations commenced running the following day on October 2, 2001, and expired one year later on October 2, 2002, *see* Fed. R. Civ. P. 6; *Bronaugh v. Ohio,* 235 F.3d 280, 285 (6th Cir. 2000), absent the application of the statutory tolling provision set forth in 28 U.S.C.

---

[1] Under Ohio law, petitioner had forty-five day to file an appeal to the Supreme Court of Ohio from the date of decision of the Ohio Court of Appeals. *See* Rule II, Section 2(A)(1), Rules of Practice of the Supreme Court of Ohio.

§ 2244(d)(2) or any other applicable tolling principles. Respondent asserts that since the statute of limitations had already expired prior to the filing of petitioner's motion for judicial release, motion for delayed appeal, and Rule 26(B) application, there was no limitations period left to toll and his petition is untimely.

In contrast, petitioner contends his claim is governed by § 2244(d)(1)(C) which served to delay the commencement of the statute of limitations. Petitioner argues that his claim for relief did not arise until after the Ohio Supreme Court decided *State v. Foster,* 109 Ohio St.3d 1, 845 N.E.2d 470 (2006), which declared several provisions of Ohio's sentencing statute unconstitutional under *Apprendi* and *Blakely*. (Doc. 6 at 2). The Court disagrees.

Under § 2244(d)(1)(C), the statute of limitations commences the "date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." Petitioner was sentenced in January 2001 and his appeal was denied in August 2001, well before the United States Supreme Court handed down *Blakely* on June 24, 2004. It is settled in the Sixth Circuit that *Blakely* does not apply retroactively to cases on collateral review where the conviction in question became final prior to the date of the *Blakely* decision. *See Humphress v. U.S.,* 398 F.3d 855, 860 (6th Cir. 2005), *cert. denied,* 546 U.S. 885 (2005) (*United States v. Booker,* 543 U.S. 220 (2005), which extends the reasoning of *Blakely* to the federal sentencing guidelines, is not retroactive). *See also Valentine v. U.S.,* 488 F.3d 325, 329-31 (6th Cir. 2007); *Spiridigliozzi v. U.S.,* 117 Fed. Appx. 385, 394 (6th Cir. 2004); *Taylor v. Warden,* No. 1:07-cv-860, 2009 WL 335278, at *3 (S.D. Ohio Feb. 10, 2009) (Spiegel, J.); *cf. Allen v. Moore,* 1:05-cv-731, 2007 WL 651248, at *4 & n. 1 (S.D. Ohio Feb. 23, 2007) (Barrett, J.) (noting that *Blakely*

6

applied in a case where the petitioner was sentenced pre-*Blakely*, but his direct appeal was still pending on the date *Blakely* was decided).[2] Petitioner's conviction became final on October 1, 2001, nearly three years before *Blakely* was decided, and therefore *Blakely* does not apply retroactively to petitioner's case. Thus, the statute of limitations set forth in Section 2244(d)(1)(C) cannot apply to this habeas petition. *See Jones v. Moore*, No. 2:07-cv-941, 2007 WL 2782730, at *2 (S.D. Ohio Sept. 24, 2007) (Report & Recommendation) (King, M.J.) (and cases cited therein), *adopted*, 2007 WL 4460989 (S.D. Ohio Dec. 14, 2007) (Marbley, J.).

Nor may petitioner rely upon the Ohio Supreme Court's decision in *Foster* to delay the limitations period under § 2244(d)(1)(C). *Foster* was not decided by the United States Supreme Court, a prerequisite for the application of the limitations provision set forth in § 2244(d)(1)(C). In any event, the Ohio Supreme Court in *Foster* expressly stated that its decision extended only to cases still pending on direct review. *Foster*, 845 N.E.2d at 499. Because petitioner's direct appeal had been denied five years earlier, petitioner is unable to prevail on any claim that *Foster* may be applied retroactively to his case to take advantage of the limitations period in § 2244(d)(1)(C). *See Williams v. Brunsman*, No. 1:08-cv-136, 2009 WL 816265 (S.D. Ohio March 26, 2009)(Spiegel, J.; Hogan, M.J.).

The Court concludes that Ground One of the petition is governed by the limitations provision set forth in § 2244(d)(1)(A), which provides that the one-year statute of limitations begins to run from the date on which the challenged judgment became "final" by the conclusion

---

[2]The Supreme Court has stated: "State convictions are final 'for purposes of retroactivity analysis when the availability of direct appeal to the state courts has been exhausted and the time for filing a petition for writ of certiorari has elapsed or a timely petition has been finally denied.'" *Beard v. Banks*, 542 U.S. 406, 411 (2004) (in turn quoting *Caspari v. Bohlen*, 510 U.S. 383, 390 (1994)); *see also Allen v. Moore*, 1:05-cv-731, 2007 WL 651248, at *4 n.1 (S.D. Ohio Feb. 23, 2007).

7

of direct review or the expiration of time for seeking such review. In this case, the statute of limitations commenced running on October 2, 2001, one day after the 45-day period expired in which to file a timely appeal to the Ohio Supreme Court from the Ohio Court of Appeals' August 17, 2001 direct appeal decision, *see* Fed. R. Civ. P. 6(a); *Bronaugh*, 235 F.3d at 285, and expired one year later on October 2, 2002. The petition was filed in this federal court on February 19, 2009, nearly seven years later. Therefore, the petition is untimely.

No statutory or equitable tolling principles apply to extend the limitations period in this case. Petitioner's motions for judicial release, for delayed appeal, and to reopen the direct appeal under Rule 26(B) were filed in 2007 and 2008, well after the statute of limitations expired. A timely filed state post-conviction matter cannot serve to toll a statute of limitations which had already expired before the motion was filed. *See Vroman v. Brigano*, 346 F.3d 598, 602 (6th Cir. 2003). Section 2244(d)(2)'s tolling provision "does not . . . 'revive' the limitations period (*i.e.*, restart the clock at zero); it can only serve to pause a clock that has not yet fully run. Once the limitations period is expired, collateral petitions can no longer serve to avoid a statute of limitations." *Vroman*, 346 F.3d at 602 (citation omitted). Since the AEDPA's one-year period had expired well before petitioner filed his motions, there was no time left to toll and the AEDPA's tolling provision does apply.

Although the statute of limitations may be equitably tolled in limited circumstances, *Allens v. Yukins*, 366 F.3d 396 (6th Cir.), *cert. denied*, 543 U.S. 865 (2004), petitioner is not entitled to equitable tolling in this matter. Before equitable tolling is appropriate, petitioner must demonstrate: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Lawrence v. Florida*, 549 U.S. 327,

8

336 (2007) (citation and quotation marks omitted). Equitable tolling decisions are made on a case-by-case basis. *Souter v. Jones*, 395 F.3d 577, 588 (6th Cir. 2005).

In *Souter*, the Sixth Circuit held that "equitable tolling of the one-year limitations period based on a credible showing of actual innocence is appropriate." 395 F.3d at 599 (following *Schlup v. Delo*, 513 U.S. 298 (1998)). The *Souter* Court held that "where an otherwise time-barred habeas petitioner can demonstrate that it is more likely than not that no reasonable juror would have found him guilty beyond a reasonable doubt, the petitioner should be allowed to pass through the gateway and argue the merits of his underlying constitutional claims." *Souter*, 395 F.3d at 602.

If petitioner fails to establish actual innocence under the standard enunciated in *Souter*, the Court examines the five factors outlined in *Dunlap v. United States*, 250 F.3d 1001 (6th Cir. 2001), *cert. denied*, 122 S.Ct. 649 (2001), to determine whether equitable tolling of the limitations period is appropriate. *See, e.g., Craig v. White*, 227 Fed. Appx. 480 (6th Cir. 2007); *Harvey v. Jones*, 179 Fed. Appx. 294 (6th Cir. 2006). In determining whether the statute of limitations should be equitably tolled, the court must consider the following factors:

> (1) the petitioner's lack of notice of the filing requirement; (2) the petitioner's lack of constructive knowledge of the filing requirement; (3) the petitioner's diligence in pursuing his rights; (4) absence of prejudice to the respondent; and (5) the petitioner's reasonableness in remaining ignorant of the legal requirement for filing his claim.

*Dunlap*, 250 F.3d at 1008 (citing *Andrews v. Orr*, 851 F.2d 146, 151 (6th Cir. 1988)). The absence of prejudice to respondent is not an independent basis for invoking the doctrine of equitable tolling. *Dunlap*, 250 F.3d at 1009; *Andrews*, 851 F.2d at 151(citing *Baldwin County Welcome Center v. Brown*, 466 U.S. 147, 152 (1984)). The absence of prejudice may only be

9

considered when other factors of the test are met. *Id.*

First, petitioner does not meet his burden of establishing actual innocence under *Souter*. To make the necessary showing, petitioner must support his allegations of constitutional error "with new reliable evidence–whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence–that was not presented at trial." *Schlup*, 513 U.S. at 324. Because petitioner has provided no new exculpatory evidence, *Souter* does not apply to toll the statute of limitations. *See Ross v. Berghuis*, 417 F.3d 552, 555 (6th Cir. 2005).

Second, equitable tolling is not appropriate under the *Dunlap* factors. Petitioner has made no attempt to apply the five *Dunlap* factors to this case. Moreover, there is no evidence in the record that even remotely suggests petitioner lacked notice or constructive knowledge of the filing requirement for federal habeas petitions or that he has been diligent in pursuing his rights. Therefore, equitable tolling under *Dunlap* is inappropriate in this case.

Accordingly, the undersigned concludes that under the applicable one-year statute of limitations set forth in 28 U.S.C. § 2244(d)(1)(A), the petition is time-barred and should be dismissed.

### IT IS THEREFORE RECOMMENDED THAT:

1. Respondent's motion to dismiss (Doc. 5) be **GRANTED** and the petition be **DISMISSED** with prejudice on the ground that it is barred from review under the one-year statute of limitations set forth in 28 U.S.C. § 2244(d).

2. A certificate of appealability should not issue with respect to the petition, which this Court has concluded is barred by the statute of limitations, because under the applicable two-part standard enunciated in *Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000), "jurists of reason"

would not find it debatable whether the Court is correct in its procedural ruling.[3]

3. The Court certify pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of any Order adopting this Report and Recommendation would not be taken in "good faith" and, therefore, **DENY** petitioner leave to proceed on appeal *in forma pauperis* upon a showing of financial necessity. *See* Fed. R. App. P. 24(a); *Kincade v. Sparkman,* 117 F.3d 949, 952 (6th Cir. 1997).

Date: 1/13/10

Timothy S. Hogan
United States Magistrate Judge

---

[3] Because the first prong of the *Slack* test has not been met, the Court need not address the second prong of *Slack* as to whether "jurists of reason" would find it debatable whether petitioner has stated a viable constitutional claim. *See Slack*, 529 U.S. at 484.

11

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

DANIEL TESTERMAN,
    Petitioner,

vs.

WARDEN, ROSS CORRECTIONAL
INSTITUTION,
    Respondent.

Civil Action No. 1:09-cv-121

Spiegel, J.
Hogan, M.J.

## NOTICE

Attached hereto is a Report and Recommendation issued by the Honorable Timothy S. Hogan, United States Magistrate Judge, in the above-entitled habeas corpus action brought under 28 U.S.C. § 2254. Any party may object to the Magistrate Judge's Report and Recommendation **within FOURTEEN DAYS** of the filing date of this R&R. Such party shall file with the Clerk of Court and serve on all other parties written objections to the Report and Recommendation, specifically identifying the portion(s) of the proposed findings, recommendations, or report objected to, together with a memorandum of law setting forth the basis for such objection(s) Any response by an opposing party to the written objections shall be filed **within FOURTEEN DAYS** after the opposing party has been served with the objections. A party's failure to make objections in accordance with the procedure outlined above may result in a forfeiture of his rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).