UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

DANIEL TESTERMAN,  :
                   :
     Petitioner,   :     NO. 1:09-CV-121
                   :
   v.              :
                   :     **OPINION AND ORDER**
WARDEN, ROSS      :
CORRECTIONAL INSTITUTION, :
                   :
     Respondent.   :

This matter is before the Court on the Magistrate Judge's January 13, 2010 Report and Recommendation (doc. 9), and Petitioner's Objections (doc. 10).

**I. Background**

On November 20, 2000, Petitioner entered guilty pleas in the Hamilton County Court of Common Pleas to two counts of breaking and entering, one count of felonious assault, and three counts of assault (doc. 9.). The court sentenced Petitioner to terms of imprisonment totaling 13 years and two months (Id.). Petitioner filed a motion to withdraw his guilty plea on January 19, 2001, which the trial court denied on February 6, 2001 (Id.).

Petitioner timely appealed to the Ohio Court of Appeals, First Appellate District, raising an assignment of error challenging the trial court's overruling of his motion to withdraw his guilty plea (Id.). The Ohio Court of Appeals affirmed the judgment of the trial court on August 17, 2001, and Petitioner did not appeal to the

Supreme Court of Ohio (Id.).

On July 12, 2007, Petitioner, through counsel, filed a motion for judicial release in the Hamilton County Court of Common Pleas (doc. 5, Exh. 13). The trial court denied the motion after a briefing by the parties, finding Petitioner was not eligible for judicial release (doc. 9).

Petitioner appealed the decision through counsel, raising in his single assignment of error that, "[t]he trial court erred in ruling that defendant was not an eligible offender for the purposes of filing for judicial release" (Id.). The First Appellate District denied the appeal as non-appealable (Id.).

Petitioner timely appealed, through counsel, to the Supreme Court of Ohio, on October 14, 2008, raising two propositions of law (Id.). Petitioner's first proposition of law was that the Court of Appeals misinterpreted R.C. § 2505.02(B) by requiring an element in subsection (B)(4) that existed only in subsection (B)(2). Petitioner's second proposition of law was that he should be treated as eligible for judicial release because he was not advised at sentencing that he would be ineligible, and had previously been offered a plea under which he would have been eligible (Id.). On February 4, 2009, the Supreme Court of Ohio denied jurisdiction to hear the case and dismissed the appeal as not involving any substantial constitutional question(Id.).

Meanwhile, on February 8, 2008, Petitioner, through

counsel, filed motions for delayed appeal and to appeal consecutive sentences pursuant to Ohio Rev. Code § 2952.08(C) (<u>Id</u>.).  The Ohio Court of Appeals denied leave to appeal finding that Petitioner had already been afforded an appeal as of right(<u>Id</u>.).  Petitioner also filed a Rule 26(B) application to reopen his 2001 appeal which the court denied on April 4, 2008 as untimely (<u>Id</u>.).

In the instant Petition for a Writ of Habeas Corpus, Petitioner challenges his sentence on one ground, that denial of his motion for judicial release violated his Sixth Amendment right to a jury trial under <u>Blakely v. Washington</u>, 542 U.S. 296 (2004), and <u>United States v. Booker</u>, 543 U.S. 220 (2005) (doc. 2).  In <u>Blakely</u>, the United States Supreme Court held that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt (<u>Id</u>.)."  The <u>Blakely</u> Court clarified this holding:

> [T]he relevant "statutory maximum" is not the maximum sentence a judge may impose after finding additional facts, but the maximum he may impose without any additional findings. When a judge inflicts punishment that the jury's verdict alone does not allow, the jury has not found all the facts "which the law makes essential to the punishment," ... and the judge exceeds his proper authority (<u>Id</u>.).

Petitioner contends that his consecutive, non-minimum sentence was based on facts to which he did not admit under his guilty plea and found solely by the trial court in violation of the Sixth Amendment

3

(doc. 9). He also contends that the unlawful sentence was the basis for the denial of his motion for judicial release (Id.).

Respondent argues that Ground One of the petition is non-cognizable in federal habeas corpus and that the petition is barred by the statute of limitations (Id.). After a thorough review of the facts and the law, the Magistrate Judge found that Petitioner's Petition is barred by the statute of limitations, and should be denied (Id.).

**II. Discussion**

The Court reviews this matter de novo because Plaintiff filed objections to the Magistrate Judge's Report and Recommendation. Fed. R. Civ. P. 72(b). Rule 72(b) states that "[t]he district judge to whom the case is assigned shall make a de novo determination upon the record, or after additional evidence, of any portion of the magistrate judge's disposition to which specific written objection has been made in accordance with this rule." Id. The Rule further indicates that "[t]he district judge may accept, reject, or modify the recommended decision, receive further evidence, or recommit the matter to the magistrate judge with instructions." Id.

**A. The Magistrate Judge's Report and Recommendation (doc. 9)**

The Magistrate Judge declined to consider whether Petitioner's claim is non-cognizable because he found that it was barred by the statute of limitations (Id.). The Magistrate first

4

noted that, under 28 U.S.C. § 2244(d)(1), as amended by § 101 of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. No. 104-132, 110 Stat. 1214, a person in custody pusuant to the judgment of a state court must file an application for writ of habeas corpus within one year from the latest of: (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review; (B) the date on which the impediment to filing an application created by state action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action; (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence (Id.). The Magistrate Judge also noted that, under 28 U.S.C. § 2244(d)(2), the running of the limitations period is tolled during the pendency of a properly filed application for state post-conviction relief or other collateral review (Id.).

The Magistrate Judge opined that Ground One of the petition is governed by § 2244(d)(1)(A), which provides that the one-year statute of limitations begins to run from the date on which the challenged judgment became "final" by the conclusion of direct

review or the expiration of time for seeking such review (Id.). The Magistrate Judge found that the statute of limitations commenced running on October 2, 2001, one day after the 45-day period expired in which to file a timely appeal to the Ohio Supreme Court from the Ohio Court of Appeals' August 17, 2001 direct appeal decision, and expired one year later on October 2, 2002 (Id. citing Fed. R. Civ. P. 6(a); Bronaugh v. Ohio, 235 F.3d 280 (6th Cir. 2000)). The Magistrate Judge found that, because the petition was filed in federal court nearly seven years later, on February 19, 2009, it is untimely (Id.).

The Magistrate Judge found that no statutory tolling principle applies to extend the limitations period in this case (Id.). Petitioner's motions for judicial release, for delayed appeal, and to reopen the direct appeal under Rule 26(B) were filed well after the statute of limitations expired (Id.). A timely filed state post-conviction matter cannot serve to toll a statute of limitations which had already expired before the motion was filed (Id. citing Vroman v. Brigano, 346 F.3d 598 (6th Cir. 2003)). Section 2244(d)(2)'s tolling provision "does not ... 'revive' the limitations period' it can only serve to pause a clock that has not yet fully run. Once the limitations period is expired, collateral petitions can no longer serve to avoid a statute of limitations (Id.)." The Magistrate Judge found that, because the AEDPA's one-year period had expired long before Petitioner filed his motions,

6

there was no time left to toll and the AEDPA's tolling provision applies (Id.).

The Magistrate Judge further found that, although statutes of limitations may be equitably tolled in limited circumstances, Petitioner is not entitled to equitable tolling in this matter (Id. citing Allens v. Yukins, 366 F.3d 396 (6th Cir.), cert. denied, 543 U.S. 865 (2004)). Before equitable tolling is appropriate, Petitioner must demonstrate: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing (Id. citing Lawrence v. Florida, 549 U.S. 327 (2007)).

When a habeas Petitioner can make a credible showing of actual innocence, equitable tolling is appropriate (Id. citing Souter v. Jones, 395 F.3d 577 (6th Cir. 2005)). If the Petitioner fails to establish actual innocence under the Souter standard, then a court examines the five factors outlined in Dunlop v. United States, 250 F.3d 1001 (6th Cir. 2001), cert denied, 122 S.Ct. 649 (2001), to determine whether equitable tolling of the limitations period is appropriate. These five factors include:

> (1) the petitioner's lack of notice of the filing requirement; (2) the petitioner's lack of constructive knowledge of the filing requirement; (3) the petitioner's diligence in pursuing his rights; (4) absence of prejudice to the respondent; and (5) the petitioner's reasonableness in remaining ignorant of the legal requirement for filing his claim (Id.).

The absence of prejudice factor is not an independent basis for

7

invoking equitable tolling, and may only be considered when other factors of the test are met (Id.).

After considering this legal standard, the Magistrate Judge opined that Petitioner does not meet the burden of establishing actual innocence under Souter because he has not supported his allegations of constitutional error with "new reliable evidence ... that was not presented at trial (Id. citing Schlup v. Delo, 513 U.S. 298 (1998))."

The Magistrate Judge opined that equitable tolling is not appropriate under the Dunlop factors (Id.). The Magistrate Judge further noted that there is no evidence in the record suggesting that Petitioner lacked notice or constructive knowledge of the filing requirement for federal habeas petitions or that he has been diligent in pursuing his rights (Id.). Accordingly, the Magistrate Judge concluded that the petition is time-barred and recommended that the Court dismiss it with prejudice.

**B. Petitioner's Objections (doc. 10)**

Petitioner objects that the Magistrate Judge incorrectly calculated the statute of limitations in Petitioner's case. Petitioner argues that the Magistrate Judge should have calculated the tolling period based on 28 U.S.C. § 2244(d)(1)(C), which allows tolling from "the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively

8

applicable to cases on collateral review." Petitioner argues that, although the <u>Blakely</u> decision was issued more than one year before Petitioner filed his state court post-conviction pleadings, the Sixth Amendment right to jury trial embodied in <u>Blakely</u> was not applied to Ohio's felony sentencing scheme until February 27, 2006 (doc. 10 <u>citing</u> <u>State v. Foster</u>, 845 N.E.2d 470 (Ohio 2006)). Petitioner notes that he filed his initial motion for judicial release approximately six months after the <u>Foster</u> decision (<u>Id</u>.). Petitioner argues that the tolling period should cover two time periods: (1) the date upon which the right to jury fact-finding at sentencing was recognized with respect to Ohio in <u>Foster</u>, and the date Petitioner filed his motion for judicial release; and, (2) the date upon which the Supreme Court of Ohio declined jurisdiction and the date on which Petitioner's habeas petition was filed (<u>Id</u>.). Petitioner argues that his petition is timely because these two time periods add up to 170 days (<u>Id</u>.).

**C. Analysis**

Having reviewed this matter <u>de novo</u>, pursuant to Title 28 U.S.C. § 636, the Court concludes that the Magistrate Judge's Report and Recommendation is well-reasoned and correct. The Court therefore adopts and affirms in all respects the opinions expressed in the Report and Recommendation (doc. 9), and denies Petitioner's Objections (doc. 10).

In spite of Petitioner's objections to the Magistrate

Judge's Report and Recommendation, the Court finds that the Magistrate Judge correctly calculated the statute of limitations in Petitioner's case. Petitioner argues that the statute of limitations did not begin tolling until the Supreme Court of Ohio's Foster decision in 2006 (Id.).

There are two fatal problems with Petitioner's argument. First, as the Magistrate Judge correctly noted in his report, section 2244(d)(1)(C), the very section that Petitioner relies on to show that he was within the statute of limitations, requires that the opinion from which the tolling period begins be decided by the United States Supreme Court (doc. 9). Foster was decided by the Supreme Court of Ohio. See Foster, 845 N.E.2d 470. Further, the Foster court specifically stated that its decision extended only to cases still pending on direct review (Id.). As Petitioner notes in his Objection, the Ohio courts have declined to make Foster retroactive (doc. 10 citing State v. Stillman, 2005 WL 3150306 (Ohio Ct. App. Nov. 16, 2006)). Petitioner's direct appeal was denied five years prior to the Foster decision (Id.).

The United States Supreme Court must also make the newly recognized constitutional protection retroactive in order for section 2244(d)(1)(C) to be applicable. The Supreme Court has yet to apply Booker retroactively. In the Sixth Circuit it is settled law that Blakely does not apply retroactively to cases on collateral review where the conviction in question became final prior to the

10

date of the Blakely decision. Humphress v. U.S., 398 F.3d 855 (6th Cir. 2005), cert. denied, 546 U.S. 885 (2005). Notably, United States v. Booker, 543 U.S. 220 (2005), which extends the reasoning of Blakely to the federal sentencing guidelines, is not retroactive.

The Court concludes that the Magistrate Judge properly calculated the statute of limitations in Petitioner's case, and, further, that section 2244(d)(1)(C) would not have been an appropriate section under which to toll the statute of limitations. For these reasons, the Court does not find Plaintiff's objections well-taken.

**III. Conclusion**

Accordingly, for the reasons indicated herein, the Court ADOPTS and AFFIRMS the Magistrate Judge's Report and Recommendation in all respects (doc. 9), GRANTS Respondent's Motion to Dismiss (doc. 5), and DENIES WITH PREJUDICE Petitioner's Petition for a Writ of Habeas Corpus (doc. 1). The Court further FINDS that a certificate of appealability should not issue with respect to the Petition, which the Court has concluded is barred by the statute of limitations because, under the applicable two-part standard enunciated in Slack v. McDaniel, 529 U.S. 473, 484-85 (2000), "jurists of reason" would not find it debatable whether the Court is correct in its procedural ruling. Finally, the Court CERTIFIES, pursuant to 28 U.S.C. § 1915(a)(3) than an appeal of this Order would not be taken in "good faith" and, therefore, the Court DENIES

Petitioner leave to proceed on appeal in forma pauperis upon a showing of financial necessity. Fed. R. App. P. 24(a); Kincade v. Sparkman, 117 F.3d 949, 952 (6th Cir. 1997).

SO ORDERED.

Dated: February 24, 2010	/s/ S. Arthur Spiegel
	S. Arthur Spiegel
	United States Senior District Judge